# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   3:09-cr-00240-8 |
| v. | ) | 3:09-cr-00240-11 |
| | ) | 3:09-cr-00240-17 |
| MONTERIUS POLLARD; TIERRA YOUNG; | ) | Judge Nixon |
| LEONARD BAUGH | ) | |

## ORDER

Pending before the Court is Defendant Monterius Pollard's Motion to Dismiss ("Motion") (Doc. No. 649), filed with two Memoranda in Support (Doc. Nos. 650-51). Defendant requests that the Court dismiss Count Eleven of the Sixth Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2) and 12(b)(3)(B), for failure to allege all of the essential elements of a Hobbs Act conspiracy. *Id.* The Government has filed a Response in Opposition to Defendant Pollard's Motion, in which it argues that the indictment contains all elements required to prove a violation of the Hobbs Act. (Doc. No. 667.) The Court previously granted Defendants Tierra Young and Leonard Baugh's Motions to Join Defendant Pollard's Motion, and therefore the Court's decision applies equally to them. (Doc. Nos. 677; 997.) For the reasons given herein, Defendant Pollard's Motion is **DENIED**.

Defendant Pollard argues that Count Eleven of the Sixth Superseding Indictment should be dismissed because the Government has failed to allege all elements of the charge, and more specifically that the Government failed to allege a federal crime. (Doc. No. 650 at 1.) Defendant Pollard contends the Government must show that "the business that would have been affected had the conspiracy succeeded, itself, was engaged in or affected interstate commerce." (*Id.*) The Court does not reach Defendant Pollard's substantive argument, however, because the elements for a sufficient indictment under Federal Rule of Criminal Procedure 7(c)(1) have been met.

1

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." *See also* 1 Charles Alan Wright, et al., Fed. Prac. & Proc. Crim. § 125 (4th ed. 2012) ("[A]n indictment or information is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'") (internal citations omitted). The Supreme Court has recognized that indictments that describe the offense charged using language from the statute creating the offense are generally sufficient, so long as the language "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal citations omitted). However, the statutory language must be accompanied by sufficient facts to inform the defendant of the specific conduct being charged. *Id.* at 117-18.

With respect to charges under 18 U.S.C. § 1951 (1994) ("the Hobbs Act"), the Government must allege two elements: the substantive criminal act and interference with interstate commerce, the latter of which is a jurisdictional issue. *United States v. Turner*, 272 F.3d 380, 384 (6th Cir. 2001). In a Hobbs Act prosecution:

> the requirement of an effect on interstate commerce is itself an element of the offense charged, and the determination of whether the jurisdictional element has been satisfied is part and parcel of the inquiry into the 'general issue' of whether the statute has been violated. For this reason, ordinarily a challenge to the sufficiency of the evidence satisfying the jurisdictional element of the Hobbs Act is not appropriately decided on a motion to dismiss.

*United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998); *see also United States v. Lewis*, 2011 WL 4064520, at *1 (S.D. Ohio Sept. 13, 2011); *United States v. Johnson*, 2012 WL 253352, at

*2 (D. Conn. 2012) (stating that if the Government has not given a full proffer of its evidence, the sufficiency of the evidence should not be determined on a pretrial motion to dismiss). Courts have held that, when "federal subject-matter jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial." *Alfonso*, 142 F.3d at 777 (quoting *Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987)). The Court finds that because the language of the indictment with respect to the effect on interstate commerce uses the exact statutory language of the Hobbs Act, and that the statutory language in the indictment is accompanied by sufficient facts to inform Defendant Pollard of the specific offenses charged, the indictment is sufficient under Federal Rule of Criminal Procedure 7(c)(1). (Doc. No. 808 at 9-10.)

Further, the cases on which Defendant Pollard relies, support examining the sufficiency of the evidence following trial, not on a motion to dismiss. (*See* Doc. No. 650 (citing *Turner*, 272 F.3d at 384-85; *United States v. DeCarlantonio*, 870 F.2d 1058, 1060-61 (6th Cir. 1989).) The Sixth Circuit has explained that "while courts frequently call the interstate commerce nexus requirement a 'jurisdictional element,' it is jurisdictional only in the sense that without that nexus there can be no federal crime; it does not affect a court's power to adjudicate a case." *United States v. Martin*, 526 F.3d 926 (6th Cir. 2008) (citing *Turner*, 272 F.3d at 390). Therefore, the Court finds that Defendant Pollard's contention, that the Government fails to allege the interstate commerce element of a Hobbs Act conspiracy, is not a proper basis for a motion to dismiss, as it is a substantive element that the Government must prove through its proffer of evidence. Defendant Pollard may properly raise the issue at the close of the Government's proof at trial through a Rule 29 Motion for Judgment of Acquittal.

For the reasons above, Defendant Pollard's Motion is **DENIED**. The Court previously granted Defendants Tierra Young and Leonard Baugh's Motions to Join Defendant Pollard's Motion and therefore this Order applies equally to them. (Doc. Nos. 681; 1339.)

It is so ORDERED.

Entered this 14th day of November, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT