IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:09-cr-00240-8 |
| v. ) | |
| ) | Judge Nixon |
| MONTERIUS POLLARD ) | |

### ORDER

Pending before the Court is Defendant Monterius Pollard's Motion for Severance ("Motion"). (Doc. No. 943.) The Court held a hearing on December 17, 2012, at which time the Government stated it has no objection to severing Mr. Pollard.

Mr. Pollard was originally indicted in this case in 2010, in the Third Superseding Indictment (Doc. No. 63), and was most recently charged in the Ninth Superseding Indictment, with four counts; a Hobbs Act robbery (Count 13) and possession of a firearm in furtherance of a crime of violence (Count 14), both stemming from an incident alleged to have occurred on or around September 5, 2009, and conspiracy to tamper with a witness, victim or informant (Count 37) and tampering with a witness, victim, or informant (Count 38), both stemming from an incident alleged to have occurred on or around May 5, 2011. (Doc. Nos. 1408; 1408-7.)

Mr. Pollard requests that he be severed from the rest of the defendants in this case under Federal Rule of Criminal Procedure 14. (Doc. No. 943.) Mr. Pollard argues that because he is charged in only four of the forty counts charged in this case, the joinder of his trial with that of other defendants in this case could create is a serious risk that actions of other defendants will be imputed to him, causing prejudicial jury confusion.[1] (*Id.*) Mr. Pollard points out that there is also a

---

[1] The Court notes that at the time the Motion was filed, the most current charging instrument was the Eighth Superseding Indictment. Under the Ninth Superseding Indictment there are forty-three counts charged. There were no changes in the counts charged against Mr. Pollard between the Eighth and Ninth Superseding Indictments.

1

possibility that other defendants could blame Mr. Pollard in an attempt to exonerate themselves, creating significant, unfair prejudice against Mr. Pollard. (*Id.*)

Federal Rule of Criminal Procedure 14 states that "[i]f the joinder of offenses or defenses in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. Rule Crim. P. 14(a). The Sixth Circuit has held that even if joinder is appropriate under Rule 8, a court may order severance under Rule 14. *United States v. Cobb*, 397 F. App'x 128, 136–37 (6th Cir. 2010).

After reviewing the filings on this matter, the Court cannot conclude that there will be no significant prejudice against Mr. Pollard if he is tried with other defendants in this case. Further, the Court finds that because Mr. Pollard is only charged in four of the forty-three counts charged in the Ninth Superseding Indictment, trial convenience and judicial efficiency are not benefitted by trying Mr. Pollard with the other defendants in this case. The Court therefore finds that it is prudent to sever Mr. Pollard from the other defendants in the Ninth Superseding Indictment and try him separately. Accordingly, the Motion is **GRANTED** and the Court **SEVERS** Mr. Pollard from the remaining defendants in the Ninth Superseding Indictment for the purposes of trial. Upon granting the Motion, the Court finds Mr. Pollard's previous Motion for Severance (Doc. No. 543) should be **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the __18th__ day of December, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT