UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MONTERIUS POLLARD,
    Movant,

v.                      No. 3:09-cr-00240-8
                       JUDGE TRAUGER

UNITED STATES OF AMERICA
    Respondent.

## AGREED MOTION TO GRANT RELIEF

Petitioner Monterius Pollard respectfully moves the Court, with the agreement of the government, to correct his sentence by imposing a sentence of 120 months to be followed by three years of supervised release. This agreement is reached in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which has rendered invalid Pollard's conviction under 18 U.S.C. § 924(c). The Sixth Circuit has authorized Pollard to file this successive § 2255 motion, and Pollard has signed a waiver to any right to be present at a resentencing (Exhibit A). He respectfully asks that the Court grant the agreed-upon relief, and attached a proposed order (Exhibit B).

In a Tenth Superseding Indictment filed on May 22, 2013, Monterius Pollard was charged as follows:

- Count 6: Conspiracy to Commit Hobbs Act Extortion or Robbery;

- Count 7: Possessing a firearm in furtherance of a crime of violence, to wit, "conspiracy to commit a Hobbs Act extortion and robbery," in violation of 18 U.S.C. § 924(c);

- Count 22: Conspiracy to tamper with a witness;

- Count 23: Tampering with a witness.

1

On June 18, 2013, Pollard plead guilty to Counts 6 and 7. On November 18, 2013, the Court sentenced him as follows:

- Count 6, Hobbs Act conspiracy: 120 months;
- Count 7, § 924(c) violation based on Hobbs Act conspiracy: 60 months consecutive to the sentence on Count 6.

(*See* Case 3:09-cr-240, Sealed Judgment, R.2480, PageID# 12820.)

In 2016, Pollard filed a motion under 28 U.S.C. § 2255, *Monterius Pollard v. United States*, No. 3:16-883 (M.D. Tenn.), seeking to litigate the claim that his § 924(c) conviction was unconstitutional in light of the fact that, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court had struck down as void for vagueness the residual clause to the Armed Career Criminal Act's definition of "violent felony." As the Supreme Court made clear, such a ruling must be considered a new substantive rule and, under Supreme Court precedent, it is necessarily available retroactively on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016). Yet Pollard's § 2255 motion was denied in light of the Sixth Circuit's precedential decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) which held that *Johnson* does not apply to the residual clause found in § 924(c)'s definition of "crime of violence."

In *Davis*, the Supreme Court has now abrogated *Taylor*, holding that *Johnson* does apply to the residual clause of § 924(c). Several courts have recognized that the *Davis* rule—like the *Johnson* rule—must be available retroactively. *See In re Monterius Pollard,* No. 19-5908, at 2 (6th Cir. Dec. 9, 2019) (collecting cases) (attached as Exhibit B). And the Sixth Circuit has held that the offense underlying Pollard's § 924(c) conviction—namely, conspiracy to violate the Hobbs Act—cannot support a § 924(c) conviction absent the residual clause. *Id.* (citing *United States v. Ledbetter*, 929 F.3d 338, 360-61 (6th Cir. 2019).

2

In this context, Pollard filed a successive § 2255 motion in this Court while simultaneously moving the Sixth Circuit to authorize the successive motion. The government agreed that the authorization should be granted. *Id.* While the motion was pending in the Sixth Circuit, the parties negotiated an agreement, and Pollard signed a waiver of any right to be present at a resentencing. On December 9, 2019, the Sixth Circuit authorized this § 2255 motion to proceed.

The agreement reached by the parties is as follows.

- The Court should vacate the § 924(c) conviction (Count 7), leaving the conviction for the Hobbs Act conspiracy (Count 6) in place.
- For Count 6, the Court should re-impose a sentence of 120 months to be followed by three years of supervised release.

Notably, the Bureau of Prison website states that Pollard's projected release date on his present sentence of 180 months is October 16, 2023, or a little less than four years from now. The agreed-upon sentence would reduce Pollard's term by five years.

## **Conclusion**

Petitioner Monterius Pollard respectfully asks that the Court grant the agreed-upon relief in this case by entering an appropriate order in his criminal case, No. 3:09-cr-00240-8. Counsel for the government, AUSA Brent Hannafan, has reviewed and approved this motion before its filing.

3

Case 3:09-cr-00240   Document 3333   Filed 12/17/19   Page 3 of 4 PageID #: 17523

Respectfully submitted,

*s/ Michael C. Holley*
MICHAEL C. HOLLEY
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN  37203
615-736-5047

Counsel for Monterius Pollard

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 17, 2019, I electronically filed the foregoing motion with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Brent Hannafan, Assistant United States Attorneys, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

*s/ Michael C. Holley*
MICHAEL C. HOLLEY

4